MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@HankinPatentLaw.com
ANOOJ PATEL (SBN: 300297)
E-Mail: Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW,**
A Professional Corporation
2341 Pacifica Ct.,
San Leandro, CA 94579
Tel: (310) 979-3600/Fax: (310) 979-3603

Attorneys for PLAINTIFF,
**Gearhead Productions, Inc.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Gearhead Productions, Inc., a California corporation,<br><br>Plaintiff<br><br>v.<br><br>Gearhead Outfitters, Inc., an Arkansas corporation;<br><br>Defendant. | CASE No. 2:23-at-1043<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

**AND UNFAIR COMPETITION**

Plaintiff Gearhead Productions, Inc. ("Gearhead Productions" or "Plaintiff"), for its Complaint for Trademark Infringement and Unfair Competition against Defendant Gearhead Outfitters, Inc. ("Gearhead Outfitters" or "Defendant"), alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367 because this action involves claims arising under the Lanham Act, 15 U.S.C. §1051, *et seq.*, and related state-law claims.

2. This Court has personal jurisdiction over Defendant because, among other things, Defendant is shipping products to California, Defendant's website is accessible in California; Defendant has Counsel in San Diego, California; and Defendant has committed, aided, abetted, contributed to and/or participated in the commission of acts

giving rise to this action within this Judicial District within the State of California. Therefore, Defendant has more than minimum contacts with California and it is fair and reasonable for this Court to have personal jurisdiction over Defendant.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) at least because Defendant has done business in this district, and has (directly and/or indirectly) committed acts of infringement in this district, having severe negative effect on Plaintiff, who is located within this Judicial District.

## NATURE OF THE ACTION

4. Plaintiff brings this action against Defendant as a result of its deliberate and willful uses of Plaintiff's Trademark without Plaintiff's authority, which constitute: (a) direct trademark infringement, unfair competition and false designation of origin under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); (b) common law trademark infringement and unfair competition; and (c) violations of California Business and Professions Code §§ 14245 and 17200, et. seq.

5. Plaintiff seeks to recover liquidated, actual, punitive, and treble damages, along with Defendant's profits, as well as costs and attorneys' fees, arising from Defendant's conduct and permanent injunctive relief.

## THE PARTIES

6. Plaintiff Gearhead Productions, Inc. is a California corporation with a principal place of business at 8704 Milo Ct., Elk Grove, California 95624.

7. Gearhead Productions was founded in 1993 and offers inter alia, on-line retail services, clothing apparel, stickers, printed matter, sound recordings, electronic publication, and online journals under the Trademark GEARHEAD.

8. Defendant Gearhead Outfitters, Inc. is an Arkansas corporation with a place of business at 230 S Main, Jonesboro, Arkansas 72401.

9. Defendant, upon information and belief, is a retailer of clothes and various goods related to outdoor activities. A true and correct copy of the home page of Defendant's Website, located at the URL https://gearheadoutfitters.com/ ("Defendant's Website"), is attached hereto as Exhibit A.

10. Defendant ships its products to all States in the United States of America, including California. A true and correct copy of Defendant's Website "Shipping Information" page is attached hereto as Exhibit B.

## FACTS RELEVANT TO ALL ALLEGATIONS

I. Gearhead Productions' Registered Trademark and Activities

11. Plaintiff is the owner of U.S. Trademark Registration No. 4,110,646 for GEARHEAD (the "GEARHEAD Mark").

12. The underlying Application No. 78/558,161 was filed on February 1, 2005, in connection with "sound recordings featuring music, namely, phonograph records, pre-recorded audio tapes, enhanced CDs, compact discs, pre-recorded videotapes, pre-recorded digital audio tapes, DVDs and laser discs featuring music" in Class 009; "printed matter, namely, stickers; and magazines featuring pop culture, music, cars and motorsports and related topics and events" in Class 016; and "Shirts, sweatshirts, jackets, headwear; infant wear; cloth bibs; children's clothing, namely, shirts, shorts, tops, dresses, jackets and sweatshirts" in Class 025, with a first use in commerce date in 1993. A true and correct copy of the GEARHEAD Mark's Trademark Electronic Search System is attached hereto as Exhibit C.

13. Plaintiff has made extensive and continuous use of the GEARHEAD Mark since 1993 in building its well-known fashion, music, and lifestyle brand.

14. Plaintiff offers its goods and services, inter alia, via its website https://www.gearheadhq.com/ ("Plaintiff's Website"). A true and correct copy of the home page of Plaintiff's Website is attached hereto as Exhibit D.

15. As of today, a Google search with the terms "gearheadhq" leads to the Defendant's Website being the first recommended link. A true and correct copy of a Google search with the keywords "gearheadhq" is attached hereto as Exhibit E.

16. Plaintiff offers goods and services which are substantially identical to the goods and services offered by Defendant.

17. Through extensive and costly advertising, marketing, and promotion, the GEARHEAD Mark has become recognized and relied upon by the relevant industry

and purchasing public throughout the United States.

18. Plaintiff's significant marketing and advertising efforts includes extensive product placement in high profile media. Some examples of past product placement include promotional tie-ins with VANS, Rockstar Energy Drink, and Roxy, as well as film and television appearances in Aquaman (2018), Jackass (the Movie), and the Fast and Furious franchise films. Some examples of future product placement will include being heavily featured in Home Box Office's series focusing on the DC Comics character Peacemaker, played by John Cena.7

19. As a result, the GEARHEAD Mark has become a valuable asset of Plaintiff, representing substantial goodwill and reputation of Plaintiff, Plaintiff's business activities, and Plaintiff's goods.

II. Gearhead Outfitters' Infringing Activities

20. Upon information and belief, Defendant owns and operates Defendant's Website, located at the URL https://gearheadoutfitters.com/. *See* Exhibit A.

21. Upon information and belief, Defendant's Website is an online store. *See* Exhibit A.

22. Defendant offers and sells on its website a selection of clothing related products, for men, women, and kids, ranging from jackets and shorts to shirts and dresses. A true and correct copy of the range of items displayed on Defendant's Website is attached hereto as Exhibit F.

23. Defendant offers and sells on its website products from various brands, including "Gearhead" and "Gearhead Outfitters". A true and correct copy of the brands available on Defendant's Website is attached hereto as Exhibit G.

24. As of filing the present Complaint, Defendant offers and sells on its website a variety of clothing under the term "Gearhead." A true and correct copy of Defendant's products available on Defendant's Website is attached hereto as Exhibit H.

25. Defendant has offered and sold other items of apparel bearing the term "Gearhead." A true and correct copy of the of Defendant's Website "ABOUT US" page is attached hereto as Exhibit I.

26. Defendant is still displaying and advertising pieces of clothing bearing the term "Gearhead." *See* Exhibit I.

27. Upon information and belief, Defendant also runs physical stores named "Gearhead Outfitters" or "Gearhead Experience" in Arkansas, Missouri, Illinois, Kansas, Oklahoma, and named "Rock/Creek" in Tennessee. A true and correct copy of Defendant's store's locations is attached hereto as Exhibit J.

28. Upon information and belief, Defendant offers and sells the products displayed on its website in the aforementioned stores.

29. Upon information and belief, Defendant has attempted to register "Gearhead", or other colorable imitations thereof, multiple times, all unsuccessfully.

30. On January 16, 2014, Defendant filed Trademark Application No. 86/167,374 for GEARHEAD OUTFITTERS for shirts, hats, cups, drink coozies, stickers, decals, banners, table cloth, tent, fliers, posters, promotional items. A true and correct copy of the Trademark Application No. 86/167,374's Trademark Electronic Search System is attached hereto as Exhibit K.

31. Defendant's Trademark Application No. 86/167,374 was refused registration, and ultimately abandoned, under Trademark Act Section 2(d), 15 U.S.C. §1052(d), as likely to cause confusion with Plaintiff's GEARHEAD Mark.

32. Later, on February 2, 2015, Defendant filed Trademark Application No. 86/520,956 for GEARHEAD OUTFITTERS for use with shirts. A true and correct copy of the Trademark Application No. 86/520,956's Trademark Electronic Search System is attached hereto as Exhibit L.

33. Defendant's Trademark Application No. 86/520,956 was, again, refused registration, and ultimately abandoned, under Trademark Act Section 2(d), 15 U.S.C. §1052(d) as likely to cause confusion with Plaintiff's GEARHEAD Mark.

34. Upon information and belief, from about 2015 to 2018, Defendant ceased offering goods and services under the term "Gearhead", as evidenced by the lack thereof on Defendant's Instagram account.

35. Plaintiff believed that Defendant's cessation of the use of the term

"Gearhead" was in response to communications between the Parties prior to 2015.

36. On September 2, 2020, Defendant filed the U.S. Trademark Application Serial No. 90/155,081 (the "'081 Application") for GEARHEAD OUTFITTERS, for "On-line retail store services featuring a variety of others' outdoor and travel equipment, sporting goods, camping goods, and related accessories excluding automotive vehicle parts and accessories; Retail store services featuring a variety of others' outdoor and travel equipment, sporting goods, camping goods, and related accessories excluding automotive vehicle parts and accessories" in Class 035, with an alleged date of first use of February 17, 1997. A true and correct copy of the Trademark Application No. 90/155,081's Trademark Electronic Search System is attached hereto as Exhibit M.

37. Defendant's '081 Application very specifically did not identify that the applied-for mark was being used with clothing, despite the fact that Defendant's online store is clearly and primarily a clothing and fashion accessories store that does not feature any sort of automotive supplies.

38. On April 13, 2021, Plaintiff filed a 90-Day Extension of Time to Oppose Registration. On August 3, 2021, Plaintiff filed a Petition to Oppose Registration of the '081 Application with the Trademark Trial and Appeal Board ("the Opposition"). A true and correct copy of the Opposition is attached hereto as Exhibit N.

39. On March 17, 2023, the Trademark Trial and Appeal Board noted that Defendant filed an Express Abandonment of its '081 Application. The Trademark Trial and Appeal Board entered a judgment against Defendant sustaining Plaintiff's opposition and refusing registration of Defendant's '081 Application. A true and correct copy of the Trademark Trial and Appeal Board's judgment is attached hereto as Exhibit O.

40. After Plaintiff's filed its 90-Day Extension of Time to Oppose Registration, Defendant removed from its Instagram account those products implicated, including specifically clothing, bearing the term GEARHEAD.

41. Plaintiff genuinely believed that removal of products from Defendant's Instagram was in direct response to Plaintiff's request for a 90-Day Extension of Time

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

to Oppose Registration, and Defendant's infringing actions would definitively stop after Plaintiff made clear it had no intention to allow registration by Defendant of any Trademark Registration bearing the term "Gearhead".

42. Despite communications between Defendant and Plaintiff, Defendant resumed its use of terms that infringed the GEARHEAD Mark.

43. As such, Defendant's infringing actions are in complete disregard of Plaintiff's rights.

### III. Gearhead Outfitters' Wrongful Actions regarding Unfair Competition.

44. Defendant asserts on its website that it has "18 stores across the country, including Rock/Creek stores that were acquired in 2019." *See* Exhibit I.

45. Upon information and belief, Defendant sells and offers to sell clothes under the term "Gearhead" on its website. *See* Exhibit H.

46. Upon information and belief, Defendant sells and offers to sell clothes under the term "Gearhead" in its stores.

47. Defendant's use of the term "Gearhead" in relation with clothes is likely to confuse a reasonable consumer, by failing to distinguish Defendant's products to Plaintiff's products.

48. In fact, Defendant is aware of several instances of actual confusion created by Defendant's use of the GEARHEAD Mark.

49. Defendant's promotion, display, offer, and sale of clothes under the term "Gearhead" at least on its website are misleading.

50. As shown above, Defendant knew, at least as early as 2014, and by the exercise of reasonable care should have known from the beginning of its actions, that the promotion, display, offer, and sale of clothes under the term "Gearhead" was misleading, and likely to cause confusion with Gearhead's Registered Trademark.

51. Because of Defendant's unfair competition, some customers that otherwise would have selected Gearhead Plaintiff's products, purchased Defendant's products.

52. Additionally, Defendant's acts resulting in unfair competition, obviously resulted in diverting and poaching customers from Plaintiff to Defendant's Website or

stores, which benefited from a snowball effect by also promoting other items Defendant has for sale, increasing Defendant's profit on its overall sales. At least one example of this is the fact that Defendant offers free shipping on orders over $75, so Defendant encourages customers to order more than just what they initially went to Defendant's website to purchase.

53. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff is entitled to an injunction preventing Defendant from engaging in the above-described unlawful, unfair and/or fraudulent business acts or practices, and restitution in the amount of all of Defendant's profits earned in connection the foregoing activities.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

(Direct Trademark Infringement pursuant to Section 32 of the Lanham Act)

54. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

55. Defendant has used and is continuing to use the GEARHEAD Mark in commerce in connection with the sale, offering for sale, distribution, and advertising of Defendant' clothing items through Defendant's website and stores.

56. Defendant's use of the GEARHEAD Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, or commercial activities by Plaintiff, all to the damage and detriment of Plaintiff's reputation and good will.

57. Defendant's continued use of the GEARHEAD Mark without Plaintiff's consent and constitutes direct Trademark Infringement pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1114.

58. Plaintiff has suffered irreparable harm as a result of Defendant's tortious conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to a preliminary and permanent injunction restraining Defendant, its agents, employees, representatives, and all other persons acting in concert with it, from engaging in further

such infringing acts.

59. Defendant's acts were done intentionally and with knowledge of Plaintiff's rights, and thus constitute deliberate and willful infringement.

60. As a result of this Trademark Infringement, Plaintiff has sustained and continue to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

## SECOND CLAIM FOR RELIEF

(Direct Trademark Infringement pursuant to Section 43(a) of the Lanham Act)

61. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

62. Defendant has used and is continuing to use the GEARHEAD Mark in commerce in connection with the sale, offering for sale, distribution, and advertising of Defendant' clothing items through Defendant's website and stores.

63. Defendant's use of the GEARHEAD Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, or commercial activities by Plaintiff, all to the damage and detriment of Plaintiff's reputation and good will.

64. Defendant's continued use of the GEARHEAD Mark without Plaintiff's consent constitutes direct Trademark Infringement pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65. Plaintiff has suffered irreparable harm as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to a preliminary and permanent injunction restraining Defendant, its agents, employees, representatives, and all other persons acting in concert with it, from engaging in further such infringing acts.

66. Defendant's acts were done intentionally and with knowledge of Plaintiff's rights, and thus constitute deliberate and willful infringement.

67. As a result of this Trademark Infringement, Plaintiff has sustained and

continue to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

### THIRD CLAIM FOR RELIEF

(False Designation of Origin and Unfair Competition pursuant to

Section 43(a) of the Lanham Act)

68. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

69. Defendant's continued use of the GEARHEAD Mark without Plaintiff's consent constitutes false designation of origin and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70. Plaintiff has suffered irreparable harm as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to a preliminary and permanent injunction restraining Defendant, its agents, employees, representatives, and all other persons acting in concert with it, from engaging in further such unlawful acts.

71. Defendant's acts were done intentionally and with knowledge of Plaintiff's rights.

72. As a result of Defendant's false designation of origin and unfair competition, Plaintiff has sustained and is continuing to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

### FOURTH CLAIM FOR RELIEF

(Common Law Trademark Infringement)

73. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

74. Defendant's continued use of the GEARHEAD Mark without Plaintiff's consent constitutes Trademark Infringement pursuant California common law.

75. Plaintiff has suffered irreparable harm as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to a preliminary and permanent injunction restraining Defendant, its agents, employees,

representatives, and all other persons acting in concert with it from engaging in further such infringing acts.

76. Defendant's acts were done intentionally and with knowledge of Plaintiff's rights, and thus constitute deliberate and willful infringement.

77. As a result of this Trademark Infringement, Plaintiff has sustained, and continue to sustain, damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

## FIFTH CLAIM FOR RELIEF

(Common Law Unfair Competition)

78. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

79. Defendant's continued use of the GEARHEAD Mark without Plaintiff's consent constitutes unfair competition under common law.

80. Plaintiff has suffered irreparable harm as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to a preliminary and permanent injunction restraining Defendant, its agents, employees, representatives, and all other persons acting in concert with it from engaging in further such unlawful acts.

81. Defendant's acts were done intentionally and with knowledge of Plaintiff's rights.

82. As a result of this Trademark Infringement, Plaintiff has sustained, and continue to sustain, damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

## SIXTH CLAIM FOR RELIEF

(Unfair Competition – Cal. Bus. & Prof. Code §§ 14245 and 17200, *et seq.*)

83. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

84. Defendant's conduct as stated herein constitutes unfair methods of competition and/or unfair, unlawful, fraudulent and/or deceptive business acts or

practices in the conduct of any trade or commerce in violations of California Business and Professions Code § 17200.

85. Defendant's conduct, in violation of California Business and Professions Code §§ 14245 and 17200, *et seq.*, has caused, and is likely to cause, public confusion, deception, mistake and infringes Plaintiff's rights, including its trademark and good will associated with it.

86. Plaintiff has suffered irreparable harm as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to a preliminary and permanent injunction restraining Defendant, its agents, employees, representatives, and all other persons acting in concert with it from engaging in further such unlawful acts.

87. Plaintiff is entitled to restitution in the amount of all of Defendant's profits earned in connection the foregoing activities.

88. As a result of Defendant's actions, Plaintiff has sustained, and continue to sustain, damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for judgment to be entered in its favor and against Defendant as follows:

a) That Defendant, its officers, agents, employees, representatives, servants, successors, assigns and all persons, firms, corporations or entities either acting directly or indirectly in concert with it or under its direction, control, or authority, be permanently enjoined from further use of the GEARHEAD Mark and enjoined from further use of the GEARHEAD Mark during the pendency of this action;

b) That Plaintiff be awarded the damages that Plaintiff has sustained and the profits that Defendant has derived as a result of its Trademark Infringement, false designation of origin, unfair competition and other misconduct specified herein, in an amount to be determined at trial;

c) That Plaintiff be awarded treble damages in accordance with section 35 of the Lanham Act, 15 U.S.C. § 1117, and/or awarded exemplary or punitive damages as is deemed appropriate because of the willful and intentional nature of Defendant's conduct;

d) That Plaintiff be awarded prejudgment interest, post judgment interest, and taxable costs of this action, including Expert Witness fees, together with attorneys' fees, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

e) That Defendant be ordered to make restitution to Plaintiff for any unjust enrichment caused by virtue of their unlawful conduct as complained of herein; and

f) That Plaintiff be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated:  October 16, 2023

*/Marc E. Hankin/*
Marc E. Hankin, Esq.
Attorneys for Plaintiff
**Gearhead Productions, Inc.**

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## DEMAND FOR JURY TRIAL

Gearhead Productions hereby demands trial by jury on all claims and issues so triable.

                                                    Respectfully submitted,

                                                   **HANKIN PATENT LAW, APC**

Dated:  October 16, 2023          /*Marc E. Hankin*/
                                                   Marc E. Hankin, Esq.
                                                   Attorneys for Plaintiff
                                                   **Gearhead Productions, Inc.**