MARC E. HANKIN (SBN: 170505)
E-Mail:  Marc@HankinPatentLaw.com
ANOOJ PATEL (SBN: 300297)
E-Mail:  Anooj@HankinPatentLaw.com
ELODIE BARDON (SBN: 352856)
E-Mail:  Elodie@HankinPatentLaw.com
**HANKIN PATENT LAW,**
A Professional Corporation
2341 Pacifica Ct.,
San Leandro, CA  94579
Tel: (310) 979-3600
Attorneys for Plaintiff,
**Gearhead Productions, Inc.**

**LEWIS KOHN & WALKER, LLP**
BRETT WEAVER (SBN 204715)
bweaver@lewiskohn.com
JOSHUA J. RICHMAN (SBN 243147)
jrichman@lewiskohn.com
MICHAEL LANE (SBN 248624)
mlane@lewiskohn.com
17085 Via Del Campo
San Diego, CA 92127
Tel: (858) 436-1330
Fax: (858) 436-1349
Attorneys for Defendant,
**Gearhead Outfitters, Inc.**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gearhead Productions, Inc., a California corporation,<br><br>               Plaintiff,<br><br>    v.<br><br>Gearhead Outfitters, Inc., an Arkansas corporation;<br><br>              Defendant. | CASE No. 2:23-cv-02331- KJM-JDP<br><br>[PROPOSED]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>U.S. Magistrate Judge Jeremy D. Peterson |

# [PROPOSED] STIPULATED PROTECTIVE ORDER

1. <u>PRELIMINARY STATEMENTS</u>

   A. <u>PURPOSE AND LIMITATIONS</u>

   Plaintiff Gearhead Productions, Inc. ("Gearhead Productions" or "Plaintiff"), and Defendant Gearhead Outfitters, Inc. ("Gearhead Outfitters" or "Defendant") (each a "Party," collectively, the "Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal or with redactions; Civil Local Rules 140 (redaction) and 141 (sealing) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file redacted material or material under seal.

   B. <u>GOOD CAUSE STATEMENT</u>

   This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business

practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## C.  ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Civil Local Rules 140 (redaction) and 141 (sealing) set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with

proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. <u>DEFINITIONS</u>

2.1. <u>Action</u>: Gearhead Productions, Inc. v. Gearhead Outfitters, Inc., 2:23-cv-02331-KJM-JDP now pending in the United States District Court for the Eastern District of California.

2.2. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation

of information or items under this Order.

2.3. <u>Designated Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.4. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.5. <u>"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL" information (regardless of how it is generated, stored or maintained) or tangible things, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.6. <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.7. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.8. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.10.  <u>In-House Counsel</u>: attorneys who are internal employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11.  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12.  <u>Outside Counsel of Record</u>: attorneys who are not internal employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13.  <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14.  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15.  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16.  <u>Protected Material</u>: any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material.

2.17.  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Designated Material and/or Protected Material (as defined above), but also (1) any information copied or extracted from Designated Material and/or Protected Material; (2) all copies, excerpts, summaries, or compilations of Designated Material and/or Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Designated Material and/or Protected Material. The protections conferred by this Stipulation and Order, however, do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Designated Material and/or Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Designated Material and/or Protected Material at trial.

4. <u>DURATION</u>

Once a case proceeds to trial, information that was designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or maintained pursuant to this Protective Order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See *Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related

documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.   DESIGNATING PROTECTED MATERIAL

5.1.   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.   Confidential Material. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as Designated Material, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to Designated

8

Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified Designated Materials and subject to all of the terms and conditions of this Order.

5.3.    <u>Highly Confidential – Attorneys' Eyes Only Material</u>.    Any party may designate Protected Material as "HIGHLY CONFIDENTIAL – ATTORNEY'S ONLY" when the  producing Party believes in good faith that the Protected Material is so sensitive that the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means and therefore, its dissemination deserves even further limitation, including information that the Designating Party in good faith believes that disclosure will likely harm the Designating Party's competitive position concerning, inter alia: trade secrets; customer/supplier lists and other highly confidential information regarding customers, dealers and distributors; non-public technical information; confidential financial information; manufacturing and research information; confidential commercial information regarding technology used to make and/or confirm the authenticity of the products at issue in the litigation; and/or highly sensitive information that is not publicly known. Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only as specified in Paragraph 7.3 below unless otherwise agreed or ordered.  If disclosure of Attorneys' Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

5.4.    <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.4(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

**Designation in conformity with this Order requires:**

(a)   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix at a minimum, the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY", placed clearly at the bottom, center of each page of the Protected Material for which such protection is sought.   Discovery responses shall not bear the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend on the entire document, unless all of the responses contained therein meet the criteria of being designated as such. Otherwise, the responding party shall designate for each response the appropriate designation legend. Such designations shall be made at the time when the discovery response is served, or when the document or thing, or copy thereof, is provided to the receiving party.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)   For testimony given in depositions or at a hearing, the wording "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the Court Reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and on each page where "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" testimony or statements are made. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

(c)   For video recordings of depositions or hearings, the Parties shall instruct

the videographer upon the conclusion of the video-testimony, how to designate the videorecording, or any portion thereof, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". All documents, or any portion thereof, made available for inspection (but not yet formally produced to the inspecting party) shall be presumptively deemed to contain "Highly Confidential – Attorneys' Eyes Only" subject to the provisions of this Protective Order, regardless of whether so identified, until copies thereof are formally produced to the inspecting party. Any information, document, or thing that bears both designations must be treated as "Highly Confidential – Attorneys' Eyes Only."

(d)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(e)    All documents, or any portion thereof, made available for inspection (but not yet formally produced to the inspecting party) shall be presumptively deemed to contain "Highly Confidential – Attorneys' Eyes Only" subject to the provisions of this Protective Order, regardless of whether so identified, until copies thereof are formally produced to the inspecting party. Any information, document, or thing that bears both designations must be treated as "Highly Confidential – Attorneys' Eyes Only."

5.5.    With respect to documents, information or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY",  subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all trial, pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification

in depositions, hearings and trial; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Designated Material shall also be considered Designated Material and treated as such under this Order.

5.6. A designation of Protected Material (i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") shall be made as follows: (i) for testimony at deposition or hearing, such designation shall be made by each party within ten (10) days of receipt of the transcript and (ii) for any other Designated Material, such designation shall be made at the time of production. Access to Designated Material shall be limited in accordance with the terms of this Order. Prior to expiration of the 10-day period, Designated Material shall be treated as "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY".

5.7. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

Any party may challenge a designation given to any Designated Material at any time by notifying the designating Party in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The Parties must make every attempt to resolve any dispute without court involvement. Any motion regarding confidentiality designation or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the

dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference. If the Parties cannot agree, the requesting Party may apply to the Court for relief. Pending the Court's determination of the application, the designation of the designating Party shall be maintained. A Party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   Basic Principles.  A Receiving Party may use Designated Material and/or Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Designated Material and/or Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   a Party's Outside Counsel of Record in this Action, including necessary paralegal, secretarial, clerical personnel assisting such counsel, and any other employees of counsel or independent contractors operating under counsel's instruction;

(b)   a Party's In-House Counsel (if any exist);

(c)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)    outside consultants or Experts (as defined in this Order) (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and (2) before access is given, the consultant or expert has completed the undertaking attached as Exhibit A hereto;

(e)    the court and its personnel;

(f)    independent litigation support services, including persons working for or as court reporters, stenographers, videographers, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    any mediator(s) arbitrator(s), or special masters(s) appointed by the Court or agreed to by the Parties ;

7.3.    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items.    For Protected Material designated as HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in Paragraphs 7.2(a) and (d-h).

7.4.    Privilege/Work Product Material.    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine,

14

or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. Any Party that believes they have inadvertently or unintentionally received documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, shall immediately notify the producing Party of the potential inadvertent disclosure. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

7.5.    There shall be no disclosure of any Designated Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

7.6.    <u>Service of Designated Material</u>. Any Party electronically serving Designated Material, shall share the Designated Material by email or a shared file link to all email eservice addresses identified in the Parties' Counsel's signature blocks below.  The subject line of the email shall include the language "SERVICE OF DESIGNATED MATERIAL, GEARHEAD PRODUCTIONS, INC. V. GEARHEAD OUTFITTERS, INC., CASE NO. 2:23-cv-02331".  Non-Designated

Material shall be served by the same method, may be eserved in the same email, and the Subject reference line may be modified accordingly.

7.7.   Use of Designated Material. Nothing contained herein shall be construed to prejudice any Party's right to use any Designated Material in taking testimony at any deposition, hearing or trial provided that the Designated Material is only disclosed to a person(s) who is: (i) eligible to have access to the Designated Material by virtue of his or her employment with the designating party, (ii) identified in the Designated Material as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Designated Material, has, in the ordinary course of business, seen such Designated Material, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) for CONFIDENTIAL MATERIAL, counsel for a Party, including outside counsel, and in-house counsel, and for HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY MATERIAL, counsel for a party, excluding in-house counsel, unless agreed in a prior writing; (vi) subject to Section 7.2(d), an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to Designated Material. Designated Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party.

7.8.   Acknowledgement Form.   Each (i) Party representative or (ii) outside consultant or expert to whom Designated Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an undertaking that he or she has received a copy of, has read, and has agreed to be bound by this Order.   A copy of the undertaking form is attached as Exhibit A

8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that Party must:

(1)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(2)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(3)     to the extent permitted by law, court rule, and court order, withhold production of the requested information until (a) the producing Party permits production, (b) a court of competent jurisdiction orders otherwise, (c) the producing Party files a motion or other legal action to protect such material and the court has ruled on said motion, or (d) the producing Party fails to file a motion or other legal action to protect such material within five (5) business days following receipt of the notice received in Paragraph 8(1).

The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the designating party in this litigation an opportunity to try to protect its confidentiality interests in the court from which the subpoena, request or order issued.

9.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   To the extent that discovery or testimony is taken of Non-Party, the Non-Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Non-Party. The Non-Party shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.  <u>MISCELLANEOUS</u>

12.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.  <u>Filing Designated and/or Protected Material</u>.  A Party that seeks to file any Designated and/or Protected Material with redactions or under seal must comply with Civil Local Rules 140 and 141.  Designated and/or Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Designated and/or Protected Material at issue.  If a Party's request to file Designated and/or Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4.  The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of

any objection to the furnishing thereof, all such objections being hereby preserved.

12.5.  Production of Designated Material by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

12.6.  Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

12.7.  Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Designated Material to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Designated Material.

13.  <u>FINAL DISPOSITION</u>

13.1.  Within thirty (30) days of final termination of this Action, including any appeals, all Designated Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

13.2.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain

Designated and/or Protected Material. Any such archival copies that contain or constitute Designated and/or Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

13.3. <u>Survival</u>. This Order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this case.

14. <u>VIOLATION</u>

Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: <u>August 21, 2024</u>

By:  /Marc E. Hankin/
　　　Marc E. Hankin, Esq.
　　　HANKIN PATENT LAW, APC
　　　Marc@HankinPatentLaw.com
　　　Elodie@HankinPatentLaw.com
　　　*Attorneys for Plaintiff,*
　　　*Gearhead Productions, Inc.*

DATED: <u>August 21, 2024</u>

By:  /Michael Lane/
　　　Michael Lane
　　　LEWIS KOHN & WALKER, LLP
　　　mlane@lewiskohn.com
　　　*Attorneys for Defendant*
　　　*Gearhead Outfitters, Inc.*

PURSUANT TO STIPULATION, AND FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

IT IS SO ORDERED.

Dated:    August 26, 2024    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury of the laws of the United States of America that:

1.    I have received a copy of the Protective Order in this action.  I have carefully read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of Gearhead Productions, Inc. v. Gearhead Outfitters, Inc., Case No. 2:23-cv-02331-KJM-JDP.

2.    I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

3.    I solemnly promise that I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action even if such enforcement proceedings occur after termination of this action.

Date: _____          Signature: _____

                                 Printed Name: _____

                                 City/State   where   sworn   and   signed:

                                 _____