UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gearhead Productions, Inc., | No. 2:23-cv-02331-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Gearhead Outfitters, Inc., | |
| Defendant. | |

Defendant Gearhead Outfitters seeks a four-month continuance of all pre-trial and discovery dates set forth in the scheduling order, arguing it could not have anticipated the scope of discovery when the court first issued the scheduling order, plaintiff's discovery requests have been overly burdensome, and December is its busiest season. Plaintiff Gearhead Productions opposes the motion, arguing defendant has not shown good cause and has not been diligent. The court **grants** the motion in part and **denies** it in part.

I.  **BACKGROUND**

Plaintiff filed this action in October 2023, alleging trademark infringement. *See generally* Compl., ECF No. 1. Defendant filed a motion to dismiss in December 2023. *See* ECF No. 14. While the motion was pending, the parties filed four status reports, which included proposed discovery deadlines from each party. *See* ECF Nos. 21, 23, 25, 27. In the final status report, defendant proposed a six-month fact discovery period. Third Am. Joint Status Rep. at 13, ECF

1

No. 27.  The court issued the scheduling order on August 8, 2024, and set the fact discovery deadline for December 20, 2024.  Min. for Sch. Conf., ECF No. 28.  On August 14, 2024, the court denied defendant's motion to dismiss.  Order, ECF No. 29.  On August 28, 2024, defendant filed its answer and counterclaims, ECF No. 32, and on September 18, 2024, plaintiff filed a response to defendant's counterclaims, ECF No. 33.  On November 4, 2024, defendant moved to continue all pre-trial and discovery deadlines for four months.  Def.'s Mot. for Cont. (Mot.), ECF No. 34.  The matter is fully briefed, and the court submitted it without a hearing.  *See* ECF Nos. 36–38.[1]

## II.  LEGAL STANDARD

Parties can only modify a scheduling order upon a showing of good cause.  Fed. R. Civ. P. 16(b).  "The good cause standard primarily considers the diligence of the party seeking the amendment."  *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (internal marks and citations omitted).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification[.]"  *Id.* (internal marks and citations omitted).

## III.  ANALYSIS

Defendant makes three arguments in an effort to show good cause.  First, defendant argues the discovery deadlines should be continued because the court issued its scheduling order while the scope of the case was still unclear: at the time, the court had not ruled on defendant's motion to dismiss, and defendant had not yet filed its answer and counterclaims.  P. & A. in Supp. of Def.'s Mot. to Cont. Pre-trial and Disc. Dates (P. & A.) at 5–6, ECF No. 34-1.  Second, defendant argues good cause supports a continuance because plaintiff has served extensive discovery requests and has delayed its own responses to defendant's discovery requests.  *Id.* at 7–

/////

---

[1] On December 8, 2024, Plaintiff filed an ex parte application to continue the pre-trial and discovery deadlines for four months.  ECF No. 39.  The court allowed Plaintiff to respond, which it did on December 16, 2024.  ECF No. 40.  The court has read these briefs but has not relied on them in making this order.

1  8. Finally, defendant argues four-and-a-half months is a short period for discovery in a case like
2  this, especially during defendant's busiest time of year. Reply at 4, 7 n.1, ECF No. 37.

3       Defendant's last argument is partially persuasive. Defendant diligently proposed a longer
4  discovery period in its status reports. *See id.* at 10 n.2. Further, defendant has provided a
5  declaration from Ashlyn Cornell, the Director of Operations for Gearhead Outfitters, who avers
6  November through January is the busiest time of year for her company and the discovery requests
7  are challenging for her to properly respond to during this period. Ashlyn Cornell Decl. at 2, ECF
8  No. 37-8. These circumstances warrant a modest extension of the pretrial deadlines.

9       Defendant's second argument also is partially persuasive. The parties' extensive
10  discovery requests mean a December fact discovery deadline would likely terminate pretrial
11  discovery prematurely. Defendant has not shown at this stage, however, that plaintiff's discovery
12  requests were overly cumbersome or that plaintiff's responses to defendant's discovery requests
13  were inadequate. Plaintiff's discovery requests were extensive, but not in excess of what the
14  Federal Rules of Civil Procedure allow. *See, e.g.*, Def.'s Reply Ex. C, ECF No. 37-4 (showing
15  plaintiff sending defendant 24 interrogatories when the maximum is 25); *see also, e.g.,* Fed. R.
16  Civ. P. 33(a)(1). As plaintiff points out, defendant's discovery requests also were significant, but
17  plaintiff responded on time. *See* Opp'n at 12. Although defendant claims plaintiff's responses
18  were insufficient, it has not demonstrated as much. When defendant filed the pending motion, it
19  had not sent a meet-and-confer letter to plaintiff or sought relief from the assigned Magistrate
20  Judge. *See* P. & A. at 4. If there will be discovery disputes before the assigned Magistrate Judge,
21  then a longer extension might prove necessary, but the current circumstances warrant only a
22  modest extension.

23       Defendant's remaining arguments are unpersuasive. Defendant should not have assumed
24  the court would grant its motion to dismiss. Further, as plaintiff points out, defendant anticipated
25  filing counterclaims many months ago—long before the court issued its scheduling order. *See*
26  Opp'n at 6; *see also* Joint Status Rep. (Jan. 31, 2024) at 6, ECF No. 21 ("Once [any] pleading
27  defects are remedied, Defendant expects to answer and file counterclaims against Plaintiff
28  seeking, at a minimum, a declaration of invalidity as to Plaintiff's asserted trademark

registration."). Nor did defendant move with any great urgency once the court issued its scheduling order. The court issued that order on August 8, 2024, *see* Min. for Sch. Conf., defendant commenced discovery on September 20, 2024, *see* P. & A. at 3, and it filed its current motion on November 4, 2024. Finally, although both parties appear to have been content not to move forward with discovery while defendant's motion was pending, neither side moved to stay discovery, and the parties did not stipulate to a stay of discovery.

**IV.   CONCLUSION**

For the reasons stated above, the court orders a continuance of all pre-trial and discovery dates for **two months**. The relevant discovery and pre-trial dates are now as follows:

- Fact discovery shall be completed by February 20, 2025.
- Expert disclosures shall be completed by April 14, 2025.
- Rebuttal expert witnesses shall be exchanged by May 14, 2025.
- All expert discovery shall be completed by June 16, 2025.
- All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications shall be filed by August 21, 2025, and noticed for a hearing on the earliest available law and motion date in accordance with Local Rule 230(a).

This resolves ECF No. 34.

IT IS SO ORDERED.

DATED: December 17, 2024.

SENIOR UNITED STATES DISTRICT JUDGE