UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gearhead Productions, Inc., | No. 2:23-cv-02331 KJM JDP |
| Plaintiff, | ORDER |
| v. | |
| Gearhead Outfitters, Inc., | |
| Defendant. | |

      Defendant Gearhead Outfitters (defendant) seeks a two-month continuance of all pre-trial and discovery dates set forth in the court's modified Scheduling Order. Plaintiff Gearhead Production (plaintiff) opposes the motion, arguing defendant has not shown good cause and has not been diligent. The court **grants** the motion.

**I.  BACKGROUND**

      Plaintiff filed this action in 2023, alleging trademark infringement. *See generally* First Am. Compl., ECF No. 11. Defendant filed a motion to dismiss in December 2023. *See* ECF No. 14. The court issued the scheduling order on August 8, 2024, and set the fact discovery deadline for December 20, 2024. Min. for Sch. Conf., ECF No. 28. On November 4, 2024, plaintiff moved to continue all pre-trial and discovery deadlines for four months. ECF No. 34. The court granted the motion in part and extended all pre-trial and discovery deadlines for two months. *See* Order (Dec. 18, 2024), ECF No. 41. On January 30, 2025, defendant filed an *ex*

1  *parte* motion (Mot.) to extend all pre-trial and discovery deadlines by two months.  ECF No. 49.
2  The matter is briefed and is submitted.  *See* Opp'n, ECF No. 52.

## II.    LEGAL STANDARD

Parties can only modify a scheduling order upon a showing of good cause.  Fed. R. Civ. P. 16(b).  "The good cause standard primarily considers the diligence of the party seeking the amendment."  *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (internal marks and citations omitted).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.* (internal marks and citations omitted).

## III.   ANALYSIS

Defendant's central argument is that plaintiff tardily raised complaints about defendant's responses to document requests on January 9, 2025, *see* Mot. at 3, and propounded new document requests on January 20, 2025, Mot. Lane Decl. ¶ 11, making it difficult for defendant to meet the February 20, 2025, fact discovery deadline.  As defendant acknowledges, plaintiff has agreed to extend the fact discovery deadline to respond to its requests.  *See id*.  Defendant argues it needs the expert disclosure, rebuttal expert witnesses, expert discovery, and dispositive motion deadlines extended as well so that it can "secure amended responses and responsive documents from plaintiff that remain outstanding."  *Id.*  The court, however, is at least partially persuaded by plaintiff's argument that defendant appears to have caused its own "time crunch" and needs to stop relying on *ex parte* motions to this court for scheduling extensions as a bail out.  *See* Opp'n at 5.  Nevertheless, the court finds good cause to allow defendant one more continuance.

## IV.    CONCLUSION

For the reasons stated above, the court **grants** defendant's motion for a continuance.  The discovery and pre-trial deadlines are reset as follows:

- Fact discovery to be completed by April 25, 2025.
- Expert disclosures to be completed by June 14, 2025.
- Rebuttal expert witnesses to be exchanged by July 14, 2025.

2

- All expert discovery to be completed by August 18, 2025.
- All dispositive motions, except for motions for continuances, temporary restraining orders or other emergency applications, to be filed by October 20, 2025.

This resolves ECF No. 49.

IT IS SO ORDERED

DATED: February 5, 2025.

_____
UNITED STATES DISTRICT JUDGE